UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AQUASEA GROUP, LLC, et al., | ) | CASE NO. 4:13-cv-2286 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| RAY SINGLETARY, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on defendants' motion to terminate the temporary restraining order issued by the Trumbull County Court of Common Pleas. (Doc. No. 4), the plaintiffs' motion to remand (Doc. No. 7), and the defendants' motion styled motion to withdraw removal. (Doc. No. 8.) Because the Court lacks subject matter jurisdiction over this dispute, the case is **REMANDED** to state court.

I. PROCEDURAL HISTORY

On October 10, 2013, plaintiffs filed a complaint in the Trumbull County Court of Common Pleas, alleging various state law claims stemming from the management and operation of Aunty Tootie's, LLC ("Tootie's"), an Ohio limited liability company and one of several defendants in this case. (Doc. No. 1-1.) That same day, plaintiffs sought, and received, a temporary restraining order preventing defendants Ray Singletary, Leroy James Singletary, Althea Walker, Chester Wilson, and the Singletary Group from entering the premises of Tootie's or transacting any business on Tootie's behalf. (Doc. No. 1-4 at 34.) The court set a hearing for October 23, 2013 on plaintiff's motion for preliminary injunction. (Doc. No. 1-4 at 35.) On

October 15, 2013, defendants removed the case to this Court, alleging diversity jurisdiction. (Doc. No. 1 at 2.) Defendants have also filed a motion to terminate the temporary restraining order issued by the state court. (Doc. No. 4.) Plaintiffs have filed a motion for remand, alleging that the forum defendant rule prohibited removal of this case because all defendants are citizens of Ohio. (Doc. No. 7.) Defendants do not oppose the motion; rather, they have filed a motion to withdraw removal.[1] (Doc. No. 8.) The Court has determined that it lacks subject matter jurisdiction and must remand the case.

## II. LAW AND ANALYSIS

"[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Two separate issues imperil the Court's subject matter jurisdiction.

### A. Complete Diversity

Defendants have alleged that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between [] citizens of different states."). Defendants claim that "the Defendants are residents of Medina, Summit and Stark County, Ohio," the "Defendants [sic] are residents of Seattle, Washington, Manor, Texas and Horseshoe, Texas," and the amount in controversy exceeds $75,000. (Doc. No. 1 at 2.) The Court assumes, and the pleadings show, that defendants

---

[1] In support of this motion, defendants argue that they have only now discovered that not all defendants were properly served. (Doc. No. 8 at 322.) As explained in more detail below, at least one Ohio defendant was properly served; thus, defendants' argument that not all defendants were properly served is utterly irrelevant to plaintiffs' motion to remand.

were referring to plaintiffs as residents of Washington and Texas. Diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Curry v. United States Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). The Sixth Circuit has stated that limited liability companies, like all unincorporated entities, "have the citizenship of each partner or member." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). In diversity cases, "the court needs to know the citizenship of each member of the company." *Id*. If even one member or sub-member of an LLC is non-diverse, "then complete diversity, and with it federal jurisdiction, would be destroyed." *Id*.

This case involves two LLCs: plaintiff Aquasea Group, LLC ("Aquasea"), and defendant Tootie's. Aquasea is a Washington limited liability company whose members are unknown. Aquasea has the citizenship of its unknown members. Tootie's is an Ohio limited liability company whose members, according to plaintiffs, are the Singletary Group, Management Group, Aquasea, and Offering Group. (Doc. No. 1-7 at 85.) Accordingly, Tootie's has the citizenship of the Singletary Group, Management Group, Aquasea, and Offering Group. Tootie's, in turn, has the citizenship of Aquasea's members. No matter the identity or citizenship of Aquasea's members, such citizenship will be identical for Aquasea and Tootie's, making the LLCs non-diverse. Aquasea's members cannot have one citizenship as members of Aquasea and another citizenship as sub-members of Tootie's. According to plaintiffs, the parties are not diverse.

Defendants dispute plaintiffs' assertion as to the members of Tootie's. Defendants claim that Tootie's members are Ray Singletary, James Leroy Singletary, Chester Wilson, and Althea Walker, and no members have ever been added or dropped from Tootie's. (Doc. No. 4 at 1-2.) Under defendants' version of the facts, the parties are completely diverse. Fortunately, the

Court does not have to resolve this factual dispute because this case was improperly removed from state court.

### B. Forum Defendant Rule

The forum defendant rule states: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if *any* of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The Sixth Circuit has held that § 1441(b)(2) is waived if not raised by the plaintiff in a motion for remand. *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 511 n.2 (6th Cir. 2012). The plaintiff has made a motion to remand raising the forum defendant rule, and the Court will consider it.

Though the precise citizenship of Tootie's is disputed, the citizenship of individual defendants Ray Singletary, James Leroy Singletary, Chester Wilson, and Althea Walker is not disputed. Each defendant is a citizen of Ohio, and, at the very least, Ray Singletary was properly served. (Doc. No. 7-2 at 321.) Because this action was brought in Ohio state court, the forum defendant rule prohibits Ohio defendants from removing to federal court, regardless of Tootie's disputed citizenship. This case must therefore be remanded. *See* 28 U.S.C. § 1447(c) (After removal, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Under 28 U.S.C. § 1447(c), the Court may award just costs and actual expenses when the "removing party lacked an objectively reasonable basis for seeking removal."[2] *Stamatopoulos v. All Seasons Contracting, Inc.*, No. 1:12 CV 1916, 2012 WL 5272090 (N.D.

---

[2] In their motion to remand, plaintiffs state that "Defendants should be sanctioned for filing this improper removal in the form of attorney fees and other penalties." (Doc. No. 7-1 at 318.) The Court does not construe this as a motion for sanctions because it does not comply with Rule 11(c)(2) of the Federal Rules of Civil Procedure.

Ohio Oct. 23, 2012) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Defendants had no objectively reasonable basis for arguing removal jurisdiction, the factual dispute regarding Tootie's citizenship notwithstanding. Defendants, perhaps recognizing their improvident removal, have even filed a motion to withdraw removal. (Doc. No. 8.) In this instance, an award of costs and expenses, including attorney's fees, incurred by plaintiffs as a result of the removal is warranted.

### III. CONCLUSION

For the foregoing reasons, the Court finds that defendants have improperly removed this case. Accordingly, pursuant to 28 U.S.C. § 1447(c), the action is **REMANDED** to the Trumbull County Court of Common Pleas. Plaintiffs are directed to submit for this Court's review a notice, with supporting documentation, of attorneys' fees and expenses incurred as a result of the defendants' improper removal.

**IT IS SO ORDERED**.

Dated: October 25, 2013

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**